**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesus Jose GINEZ–PEREZ,
Defendant–Appellant.**

No. 03–21039.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

June 23, 2004.

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Michael L. Herman, Samy K. Khalil, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Jesus Jose Ginez–Perez appeals the sentence imposed following his guilty plea

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Ginez–Perez contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. He therefore argues that his conviction must be reduced to one under the lesser included offense found in 8 U.S.C. § 1362(a), his judgment must be reformed to reflect a conviction only under that provision, and his sentence must be vacated and the case remanded for resentencing to no more than two years' imprisonment and one year of supervised release.

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47. Ginez–Perez acknowledges that his arguments are foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his arguments for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose BOCANEGRA–GUTIERREZ, also
known as Jose Gilberto Bocanegra–
Gutierrez, Defendant–Appellant.**

**No. 03–11237.
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 23, 2004.

Susan B. Cowger, Dallas, TX, for Plaintiff–Appellee.

Ira Raymond Kirkendoll, Federal Public Defender, Dallas, TX, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.